*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *ALAN CLUKEY, et al.,*      ) | |
|           ) | |
|        *Plaintiffs*      ) | |
|           ) | |
| *v.*           ) | *No. 2:11-cv-372-GZS* |
|           ) | |
| *TOWN OF CAMDEN,*      ) | |
|           ) | |
|        *Defendant*      ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant, the Town of Camden, moves to dismiss this action alleging constitutional violations under 42 U.S.C. § 1983 arising out of an alleged failure to rehire the male plaintiff after he was laid off by the defendant. The wife of the male plaintiff alleges derivative claims. I recommend that the court grant the motion.

### I. Applicable Legal Standard

The motion to dismiss invokes Fed. R. Civ. P. 12(b)(6). Motion to Dismiss ("Motion") (Docket No. 4) at 1.

With respect to Rule 12(b)(6), the Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level….

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face."

*Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

## II. Factual Background

The complaint includes the following relevant factual allegations.

Alan Clukey was hired as a police department dispatcher by the defendant town on April 20, 1976. Complaint (Docket No. 1) ¶ 7. He was continuously employed in that position until June 30, 2007. *Id.* ¶ 8. On or about June 14, 2007, the defendant gave notice to Alan Clukey and the two other police department dispatchers that their employment was being terminated. *Id.* ¶¶ 9-11. The employment of the dispatchers was terminated for political and/or economic reasons within the discretion of the defendant. *Id.* ¶ 12.

At the time of his termination, Alan Clukey was a member of a labor union of municipal employees known as the Camden Police Benevolent Association. *Id.* ¶ 13. At that time a collective bargaining agreement between the defendant and the Camden Police Benevolent Association covering the period from June 1, 2006, to June 30, 2008 (the "Agreement"), was in effect. *Id.* ¶ 14. The plaintiff's termination was a "lay-off," as that term was used in Article 19 of the Agreement. *Id.* ¶ 16. Alan Clukey was the most senior of the three dispatchers, as the term "seniority" is used in the Agreement. *Id.* ¶ 17.

During the 12-month period following the plaintiff's termination, there were one or more vacancies in the position of parking enforcement officer within the Camden police department.

*Id.* ¶ 18.  During the same 12-month period, there was a vacancy in the position of administrative assistant in the Camden police department.  *Id.* ¶ 19.  The plaintiff was qualified and able to perform the duties of these positions.  *Id.* ¶¶ 20-21.  The defendant did not recall the plaintiff to any vacant position during the 12-month period following his termination as a dispatcher.  *Id.* ¶ 23.

The plaintiff had a contractual expectation of recall to employment with the defendant. *Id.* ¶ 28.

## III.  Discussion

### A.  Count One

Count I alleges violation of Alan Clukey's constitutional right to substantive due process of law.  *Id.* ¶¶ 27-31.  The defendant contends that the complaint fails to allege any fundamental right that is the required basis for such a claim.  Motion at [2]-[4].

"In order to establish a substantive due process claim, the plaintiff must first show a deprivation of a protected interest in life, liberty, or property.  It is not enough to claim the governmental action shocked the conscience."  *Rivera v. Rhode Island*, 402 F.3d 27, 33-34 (1st Cir. 2005) (citations omitted).  "A substantive due process claim requires allegations that the government conduct was, in and of itself, inherently impermissible irrespective of the availability of remedial or protective procedures.  The state conduct itself must be so brutal, demeaning, and harmful that it is shocking to the conscience."  *Maymí v. Puerto Rico Ports Auth.*, 515 F.3d 20, 30 (1st Cir. 2008) (citation omitted).  Here, after asserting that Alan Clukey had a property interest in continued employment under the terms of the Agreement, the plaintiffs devote the rest of their extensive argument to the question of whether the defendant's failure to recall Alan

Clukey for one of the three specified jobs meets the "shocks the conscience" standard. Plaintiffs'

Objection to Defendant's Motion to Dismiss ("Opposition") (Docket No. 5) at 11-17.

It is not necessary to reach that question. This court has said repeatedly that employment

disputes do not implicate substantive due process protection under the Constitution. For

example:

> [E]ven if Plaintiff had made a claim of a substantive due process
> violation, his allegations do not suggest that any fundamental rights have
> been transgressed. Substantive due process claims generally have
> something to do with "matters relating to marriage, family, procreation,
> and the right to bodily integrity" rather than property or employment
> issues. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994).

*Learnard v. Inhabitants of Town of Van Buren*, 164 F.Supp.2d 35, 41 n.2 (D. Me. 2001).

> . . . Defendant correctly argues that Plaintiff's property interest in his
> continued employment with Defendant does not rise to the level required
> for substantive due process protection. Not every property interest is
> entitled to the protection of substantive due process. While a property
> interest created under state law will receive the protections of procedural
> due process, only those property rights derived under the Constitution
> receive the protections of substantive due process.

*Owens v. Town of Jackman*, No. CIV. 99-0155-B, 1999 WL 1995190, at *1 (D. Me. Nov. 18,

1999) (citation omitted).

The source of the plaintiff's alleged property interest in this case is a collective

bargaining agreement. Opposition at 12. That interest can only be a creature of state law; it was

not created by the Constitution. In addition, "[t]o state a viable substantive due process claim,

[Alan Clukey] would have to plead sufficient facts to invite a plausible inference that the

[defendant] intended to cause [him] injury in some way unjustifiable by any government interest.

*County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)." *Jones v. Town of Milo*, No. 09-CV-

80-B-W, 2009 WL 1605409, at *11 (D. Me. June 5, 2009). There are no such allegations in the

complaint in this case. Because "there are insufficient factual allegations to plausibly suggest

that the [defendant] set out to harm [Alan Clukey] in the absence of any potential municipal interest[,]" the plaintiffs "fail[] to allege a substantive due process claim." *Id.*

If the question of the "shocks the conscience" test, nonetheless, were to be reached in this case, "[t]he United States Supreme Court in *County of Sacramento v. Lewis* made it clear that to attach liability under this standard requires 'something more than negligence.' 523 U.S. 833, 849 (1998). 'The burden to show [governmental] conduct that shocks the conscience is extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith, to something more egregious and extreme." *Hodgdon v. Barlow*, No. 1:11-cv-0077-MJK, 2011 WL 3024875, at *2 (some internal quotation marks and a citation omitted). The allegations in the complaint cannot reasonably be read to reach this standard.

The defendant is entitled to dismissal of Count I.

## B. Count Two

This count of the complaint alleges a procedural due process violation. Complaint ¶¶ 32-33. The defendant contends that state law and the Agreement both provide sufficient remedies for the alleged deprivation of a right created by the Agreement, making this federal constitutional claim unavailable. Motion at [4]-[6].

"To establish a procedural due process claim under § 1983, a plaintiff must allege[] that she was deprived of a property interest by defendants acting under color of state law and without the availability of a constitutionally adequate process." *Maymí*, 515 F.3d at 29. The due process clause of the Fourteenth Amendment protects government employees who possess property interests in continued public employment. *Id.* The plaintiffs here have adequately alleged that

Alan Clukey possessed a property interest in being recalled for employment under the Agreement. Complaint ¶¶ 28-29, 33.

The defendant first argues that Alan Clukey "was afforded adequate process through the [Agreement's] grievance procedures." Motion at [5]. In this regard, it also notes that Alan Clukey failed to satisfy the condition precedent of the term of the Agreement at issue that required him to file his mailing address and telephone with the town manager. *Id*. at [5]-[6]. The plaintiffs respond that it is reasonable to infer that the defendant knew Alan Clukey's mailing address and telephone number because it had mailed him a W-2 form as an employee for a period of 31 years immediately before the 12-month period at issue. Opposition at 3-4.

Of course, a W-2 form does not include the employee's telephone number. And, the plaintiffs' assertion that "[t]he Town will have the right when it answers the Complaint to allege an affirmative defense claiming that Clukey breached the contract by failing to provide his address and phone number[,]" Opposition at 4, is not a response at all to an argument that the allegations in the complaint itself are insufficient. Neither side cites any authority to support these arguments.[1]

It would not be reasonable to infer from the allegations in the complaint that Alan Clukey claims to have complied with all conditions precedent to his alleged entitlement to rehire under the Agreement. Still, that is an omission that may easily be rectified by a small revision of the complaint, and I am reluctant to recommend dismissal on such a minor point.

More substantive is the defendant's contention that Alan Clukey's failure to invoke the grievance procedure provided by the Agreement bars this claim. Motion at [6]. In this regard,

---

[1] The plaintiffs do cite *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011), Opposition at 4, but the cited page merely repeats the unexceptionable legal standard set forth earlier in this recommended decision: "[W]e assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor[]" when dealing with a motion to dismiss.

the plaintiffs mistakenly assert that Alan Clukey is constitutionally entitled to a "pre-deprivation remedy." Opposition at 8-10. All but one of the cases they cite in support of this position deal with termination of ongoing employment. *See Cotnoir v. University of Main Sys*, 35 F.3d 6, 8 (1st Cir. 1994); *Barrera v. Town of Brownville*, 139 F.Supp.2d 136, 140-41 (D. Me. 2001); *Krennerich v. Inhabitants of Town of Bristol*, 943 F. Supp. 1345, 1352 (D. Me. 1996). The remaining cited case, *Amsden v. Moran*, 904 F.2d 748, 750 (1st Cir. 1990), involved a dispute between land surveyors and their former clients, a factual situation easily distinguishable from the one involved here. As to the other three cases, Alan Clukey was not employed by the defendant at the time of the alleged constitutional violation, a crucial distinction for purposes of a claimed entitlement to "pre-deprivation" process.

The case law that is directly applicable to Count II is found in *Ramírez v. Arlequín*, 447 F.3d 19, 25 (1st Cir. 2006), where the First Circuit held as follows:

> A claim of breach of contract by a state actor without any indication or allegation that the state would refuse to remedy the plaintiffs' grievance should they demonstrate a breach of contract under state law, does not state a claim for violation of the plaintiffs' right of procedural due process.

*Id*. (internal punctuation and citation omitted).

The plaintiffs attempt to avoid this outcome by asserting that the Agreement's grievance procedure does not apply to what can only be described as their claim of a breach of another term of the Agreement because their claims are not "founded in the meaning or application of disputed terms." Opposition at 9. The applicable language of the Agreement requires use of the grievance procedure for disputes concerning "the meaning[] or application of the specific terms of the Agreement." Agreement between Town of Camden and Camden Police Benevolent Association (Docket No. 4-1), Article 7, at 2-3. Merely by saying that their claims "are not

founded in the meaning or application of disputed terms, but on the municipal government's constitutionally impermissible interference with [Alan Clukey's] property right[,]" Opposition at 9, the plaintiffs do not and cannot take their claims based on the contract out of the contract's required procedures. In addition, the plaintiffs' assertion that this cause of action does not arise out of a "disputed" term of the Agreement adds a word that is not present in the contract language that they quote. Their claims clearly involve the application of a specific term of the Agreement; nothing more is required, by their own showing, to invoke the grievance procedure under the Agreement.

The plaintiffs also contend that the grievance procedures established by the Agreement cannot be invoked in this case because they require arbitration and thus are barred by *McDonald v. City of West Branch*, 466 U.S. 284, 292 (1984). *Id*. at 10. The Supreme Court's opinion in that case, however, cannot reasonably be construed to be such a bar. In that case, a police officer whose employment was terminated pursued a grievance under the applicable contract terms through arbitration but did not appeal the arbitrator's decision. 466 U.S. at 285-86. He then filed an action in federal court under 42 U.S.C. § 1983 alleging violation of his constitutional rights to free speech, freedom of association, and right to petition the government for redress of grievances. *Id*. at 286.

Unlike the instant case, the plaintiff in *McDonald* did not base his constitutional claim on an alleged violation of a contractual term. That distinction is critical. The Supreme Court held that "in a § 1983 action, a federal court should not afford res judicata or collateral-estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement." 466 U.S. at 292. This is so, the Court said, because an arbitrator may not have the authority to deal with constitutional claims. *Id*. at 290-91.

Here, the arbitrator will not be asked to deal with constitutional claims, but rather with the question of whether the defendant breached the Agreement. That is the very nature of arbitration under a collective bargaining agreement. If, as the plaintiffs would have it, the Supreme Court in *McDonald* had said that any disgruntled employee subject to a collective bargaining agreement who could allege that an employer's failure to comply with a term of the agreement thereby violated the employee's constitutional rights could avoid the grievance-and-arbitration process otherwise required by the agreement, contractual provisions establishing that process would be rendered void, as a practical matter. That is not what *McDonald* did nor what the Supreme Court intended it to do, and the federal courts have not overlooked such a major purported change in labor law in the 28 years since the *McDonald* opinion was decided.

The defendant is entitled to dismissal of Count II.

### C. Counts Three and Four

Counts Three and Four of the complaint are state-law claims. Complaint ¶¶ 34-40. The defendant argues that the court should dismiss these claims because it no longer will have jurisdiction over them, if the federal claims set out in Counts One and Two are dismissed. Motion at [7]. The plaintiffs do not respond to this argument. Opposition at 17-18.

The defendant is correct. *See* 28 U.S.C. § 1367(c); *Young v. Knox County Deputy*, 68 F.3d 455 (table), 1995 WL 610338 at *2 (1st Cir. Oct. 17, 1995); *Dupont v. City of Biddeford*, No. 2:11-cv-00209-JAW, 2011 WL 5075642 at *5 (D. Me. Oct. 24, 2011) (and cases cited therein); *Sagoma Plastics, Inc. v. Gelardi*, 366 F.Supp.2d 185, 190 (D. Me. 2005).

Counts Three and Four should be dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss be

**GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 15th day of February, 2012.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
