UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAN CLUKEY and DERA CLUKEY, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-372-GZS |
| | ) | |
| TOWN OF CAMDEN, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT ON A STIPULATED RECORD

The parties have moved for summary judgment on the husband plaintiff's claim for a procedural due process violation in connection with his employment. That is the only count of the complaint that remains active following the remand of this action to this court by the First Circuit Court of Appeals. *Clukey v. Town of Camden*, 717 F.3d 52 (1st Cir. 2013). The First Circuit directed this court to apply the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), "[i]f the specifics of the process required to afford Clukey due process remain in dispute after remand[.]" *Id.* at 62. I now recommend that the court grant the defendant's motion and deny that of the plaintiff.

### I. Applicable Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-

moving party." *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id*. (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted). When, as here, the parties stipulate to facts for purposes of summary judgment, the court gives the nonmoving party the benefit of inferences from the stipulated facts. *See, e.g., Albedyll v. Wisconsin Porcelain Co. Revised Ret. Plan*, 947 F.2d 246, 254 (7th Cir. 1991).[1]

---

[1] In this case, the parties stipulated to all facts, but filed cross-motions for summary judgment on a stipulated record rather than cross-motions for judgment on a stipulated record. "The (sometimes unrecognized) difference between these two procedures is important; to stipulate a record for decision allows the judge to decide any significant issues of material fact that he discovers; to file cross-motions for summary judgment does *not* allow him to do so." *Boston Five Cents Sav. Bank v. Secretary of Dep't of Hous. & Urban Dev.*, 768 F.2d 5, 11-12 (1st Cir. 1985) (emphasis in original). In this case, there is no need to draw inferences from the uncontested facts. As discussed below, the court is instead called upon to construe, as a matter of law, the meaning of collective bargaining agreement provisions.

"This framework is not altered by the presence of cross-motions for summary judgment." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003). "[T]he court must mull each motion separately, drawing inferences against each movant in turn." *Id.* (citation omitted); *see also, e.g., Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996) ("Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se*. Cross motions simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed. As always, we resolve all factual disputes and any competing, rational inferences in the light most favorable to the [nonmovant].") (citations omitted).

## II.  Factual Background

The following recitation is taken from the parties' joint factual stipulations. ECF Nos. 30 & 42.

Alan Clukey ("the plaintiff") was hired as a police department dispatcher by the Town of Camden on or about April 20, 1976. He was employed in that position until June 30, 2007, when that position was terminated for economic reasons. At the time of his termination, the plaintiff was a member of the Camden Police Benevolent Association, a municipal employees' labor union. Also at that time, a collective bargaining agreement ("the Agreement" or "the CBA") between the defendant town and the Association was in effect.

The termination of the plaintiff's employment was a "layoff" as defined in the Agreement, and he was an "affected employee" as defined in the Agreement. Article 19, Section 3 of the Agreement provides:

> The affected employee has recall rights for twelve months from the date of such layoff. The affected employee shall file in writing his or her mailing address and telephone number, if any, with the town manager at his/her office and shall be obligated, as a condition of his/her recall

>rights for said twelve month period to continue to inform the town manager in writing of any change thereafter. If the town recalls an employee, they shall notify said employee by certified letter and said employee shall notify the town in writing within ten days of receipt [of] said letter if he/she wish[es] to return to work. Said employee will be required to report to work within ten days of giving notice to the town of his/her desire to work.

The plaintiff did not file with or submit to the Camden town manager his mailing address and telephone number at any time between the date of his layoff and July 1, 2008. His name, address, and telephone number were included in his personnel file that was in the possession of the town from on or before June 30, 2007, through July 1, 2008.

During the 12-month period after the plaintiff was laid off, from June 30, 2007, through July 1, 2008, there were vacancies in the Camden Police Department for a parking enforcement officer and for an administrative assistant. The plaintiff was qualified for both positions. The town did not recall the plaintiff to employment at any time between June 30, 2007, and July 1, 2008.

### III. Discussion

The due process issue to which the First Circuit referred will not be reached at this point in the proceedings. The parties stipulate that they have asked the court to rule on the following issues:

1. Whether the second paragraph of Section 3 in Article 19 of the CBA is unambiguous and whether it does or does not contain a condition precedent to recall that Plaintiff Alan Clukey failed to satisfy;

2. Whether the seniority provisions of Sections 1, 2 and 3 of Article 19 are unambiguous and whether they did or did not limit Clukey's seniority preference during the recall period to positions involving dispatcher functions.

Joint Statement of Supplemental Stipulated Facts for Purposes of the Parties' Opposing Motions for Summary Judgment ("Supplemental Statement") (ECF No. 42) at 1.[2]

### A. Article 19: Address Provision

The defendant contends that there is no ambiguity in the relevant language of Article 19, Section 3 of the Agreement, and that the plaintiff's failure to file in writing with the town manager at the time of his layoff his mailing address and telephone number constitutes a failure to complete the condition precedent to the relief he seeks. Amended Motion for Summary Judgment ("Town Motion") (ECF No. 30) at 3. The plaintiff, not surprisingly, asserts that the defendant's reading of the contract language is "revisionist" and that the language does not establish a condition precedent. Clukey Motion at 4, 8-9.

When construing contract language, some basic rules apply. "A contract is to be interpreted to effect the parties' intentions as reflected in the written instrument, construed with respect to the subject matter, motive, and purpose of the agreement, as well as the object to be accomplished." *Bradley v. Kryvicky*, 574 F.Supp.2d 210, 222 (D. Me. 2008). "The interpretation of an unambiguous contract is a question of law." *Id*. The court must not artificially create ambiguity where none exists. *Lawson v. Fleet Bank*, 807 F.Supp. 136, 141 n.4 (D. Me. 1992). "An elementary rule of contract law is that the nonoccurrence of a condition discharges the parties from their duties under the contract." *Irving v. Town of Clinton*, 1998 ME 112, ¶ 4, 711 A.2d 141, 142.

---

[2] The plaintiff's submission briefly mentions procedural due process, but does so only in the context of addressing one of the two threshold issues whose resolution both parties seek: whether there was a condition precedent to recall. *See* Plaintiff's Objection to Defendant's Motion for Summary Judgment [and] Plaintiff's Cross-Motion for Summary Judgment ("Clukey Motion") (ECF No. 31) at 7-8 (arguing that the town's interpretation of Article 19, Section 3, of the Agreement as imposing a condition precedent of supplying an address "would create a trivial impediment to [the plaintiff's] due process rights").

A contract ordinarily should be interpreted so as to give force to all of its provisions. *Crowe v. Bolduc,* 365 F.3d 86, 97 (1st Cir. 2004).  A contract term is ambiguous "only when . . ., fairly construed, [it] yield[s] more than one reasonable interpretation." *Id*.  A contract need not negate every possible construction of its terms in order to be unambiguous, nor is it ambiguous merely because one of the parties disputes an interpretation that is logically compelled. *Id*.

In the instant case, it is the plaintiff who runs afoul of these principles.  He contends that, because the Agreement "does not specify a time when the [address and telephone number] information must be filed, nor whether a filing must be made before or after the layoff[,]" there is no condition precedent to the right to be recalled to employment.  Clukey Motion at 3-4.  This interpretation reads the requirement of notification by the employee out of the contract, as does his argument that the notification requirement "is linked to the employee's obligation to 'continue to inform the Town Manager in writing of any change' and not to the original filing of his address." *Id*.

It is reasonable to assume that the town would have a record of the address and telephone number of any town employee subject to the Agreement, obtained at the time of his or her initial hiring by the town.  Thus, the only reasons for the presence of the notification requirement in Article 19, Section 3 of the Agreement are to indicate the employee's intent to initiate the 12-month recall period and to inform the town of the employee's current address and telephone number, which may well differ from the ones in effect at the time the employee was hired.  The second clause, imposing the continuing requirement, merely requires the employee who has invoked his recall right to inform the town of any changes in address or telephone number during the 12-month period in order to maintain that right.  The town is thus not put in a position in which it must search out all employees who have been laid off (or "affected") during the

immediately preceding 12 months, no matter where they might be nor whether they are interested in being recalled.

The plaintiff's interpretation not only reads language out of the Agreement in violation of the *Crowe* standard, it also strains the language beyond its intended scope, based on its subject matter, intent, and purpose. I find no ambiguity in the contract language at issue; the plaintiff's proffered interpretation is not reasonable. The language establishes a condition precedent to an affected employee's right to be recalled to employment by the town, and the undisputed fact is that the plaintiff did not meet this condition, technicality though it may be.[3]

### B. Article 19: Seniority Provisions

The fact that the plaintiff did not notify the town manager of his address and telephone number at the time of his layoff, nor at any time during the ensuing 12 months, makes it unnecessary to reach the parties' second issue, whether the Agreement's provisions concerning seniority of employees for purposes of recall to employment did or did not limit the plaintiff's seniority preference during the recall period. Supplemental Statement at 1. I recommend that the court decline to address this issue should it adopt my recommended decision on the first issue, set forth above, as any ruling on that issue under these circumstances would be advisory only. This court may not offer advisory opinions. *E.g., Hicks v. John F. Murphy Homes, Inc.*, No. 07-cv-121-P-S, 2008 WL 227865, at *1 (D. Me. Jan. 22, 2008).

---

[3] The plaintiff's argument on this and other points assumes that the address and telephone number on file with the town as of the date of the employee's hiring remains the same throughout his tenure with the town. That assumption is not reasonable. The plaintiff's arguments would place upon the town the burden to locate the affected employee, who may well no longer be reachable at that address or telephone number, with no standard by which to determine at what point the town may discontinue such a search. In addition, contrary to the plaintiff's assertion, and as discussed immediately above and on page 6 *supra*, the notice requirement is by definition not "inconsequential." Clukey Motion at 7. Failure by a laid-off employee to inform the town of his or her current address and telephone number has significant consequences.

### IV.  Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be **GRANTED** and that of the plaintiff **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of October, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge