# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAN CLUKEY and DERA CLUKEY, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-372-GZS |
| | ) | |
| TOWN OF CAMDEN, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## ORDER AFFIRMING THE
## RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed with the Court on October 30, 2013, his Recommended Decision (ECF No. 43). Plaintiffs filed their Objection to the Recommended Decision (ECF No. 44) on November 13, 2013. Defendant filed its Response to Plaintiffs' Objection to the Recommended Decision (Docket No. 45) on December 2, 2013.

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. Based on that de novo review, I note that Plaintiffs have produced no evidence that Alan Clukey "file[d]" a mailing address or telephone number "in writing . . . with the Town Manager at his office." Rather, Plaintiffs have stipulated that Clukey made no such filing prior to July 1, 2008. Thus, the current factual record cannot support a finding that Clukey has a trialworthy claim for violation of his procedural due process rights under the CBA as indicated in the Recommended Decision.

The CBA cannot reasonably be read to require the Town to contact affected employees subject to recall at the address in the personnel file in the absence of any filing by the employee, as

Clukey suggests. Undoubtedly, each laid off employee would have a personnel file with some personal contact information in it. However, the existence of a personnel file cannot satisfy the unambiguous language of Article 19, Section 3 of the CBA, which clearly calls for affected employees with a right to recall to make a written filing. This filing requirement provides clarity and certainty to both the affected employee and the Town regarding who and how to recall an employee should recall become an available option. See, e.g., Briggs v. Briggs, 711 A.2d 1286, 1288-89 (Me. 1998) ("A contract must be interpreted to effect the parties' intentions as reflected in the written instrument, construed with regard for the subject matter, motive, and purpose of the instrument, as well as the object to be accomplished.") While there might be ambiguity as to the timing or content of a particular written filing by an affected employee under Article 19, Section 3 of the CBA, there is simply no doubt that the current record does not raise this issue.

Ultimately, I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, as supplemented by this Order, and determine that no further proceeding is necessary.

1. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge (ECF No. 43) is hereby **AFFIRMED**.

2. It is hereby **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 30) is **GRANTED**.

3. It is hereby **ORDERED** that Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 32) is **DENIED**.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 4th day of February, 2014.