UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ALAN CLUKEY, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 2:11-cv-00372-JHR |
| TOWN OF CAMDEN, | ) | |
| Defendant | ) | |

## MEMORANDUM DECISION ON POST-TRIAL MOTIONS

A verdict in favor of the defendant having been entered after jury trial in this matter on July 27, 2016, and judgment on that verdict having entered on July 28, 2016, ECF Nos. 131, 133, the plaintiff, Alan Clukey, now moves for judgment as a matter of law, for a new trial, and for relief from judgment. Plaintiff Alan Clukey's Combined Motions for Judgment as a Matter of Law (F.R.Civ.P. 50(b), Renewed), Motion for a New Trial (F.R.Civ. P. 59) and for Relief from Judgment (F.R.Civ.P. 60(b)(6)[)] ("Motions") (ECF No. 135). I deny the motions.

### I. Procedural Background

The plaintiff's oral motion for entry of judgment as a matter of law was denied at trial on July 27, 2016. ECF No. 127. The instant motion was filed on August 24, 2016. ECF No. 135. I ruled on related motions *in limine* before trial. Memorandum Decision on Motions in Limine ("Memorandum Decision") (ECF No. 98). I obtained draft transcripts from the three-day jury trial before ruling on these motions.

### II. Applicable Legal Standards

A motion for judgment as a matter of law is governed by Federal Rule of Civil Procedure 50(b). The standard of review for such motions requires the court "to view the evidence 'in the

light most favorable to the nonmoving party, drawing all reasonable inferences in its favor.'" *McMillan v. Massachusetts Soc'y for the Prevention of Cruelty to Animals*, 140 F.3d 288, 299 (1st Cir. 1998) (quoting *Morrison v. Carleton Woolen Mills, Inc.*, 108 F.3d 429, 436 (1st Cir. 1997)). A jury verdict should not be set aside as a matter of law "unless there was only one conclusion the jury could have reached." *Id*. Specifically, the court's review "is weighted toward preservation of the jury verdict"; the court will uphold the jury verdict "unless the evidence was so strongly and overwhelmingly inconsistent with the verdict [] that no reasonable jury could have returned [it]." *Rodowicz v. Massachusetts Mut. Life Ins. Co.*, 279 F.3d 36, 41-42 (1st Cir. 2002) (internal quotation omitted).

A motion for a new trial under Federal Rule of Civil Procedure 59 is addressed to the trial court's discretion. *Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 427 (1st Cir. 1993). That discretion is "quite limited." *Id*. at 428. A trial judge may not upset the jury's verdict merely because he or she might have decided the case differently. *Id*. Rather, "[a] verdict may be set aside and [a] new trial ordered when the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a clear miscarriage of justice." *Colón-Millín v. Sears Roebuck de Puerto Rico, Inc.*, 455 F.3d 30, 35 (1st Cir. 2006) (citation omitted).

Federal Rule of Civil Procedure 60(b)(6) is "a catchall provision, which only becomes applicable when none of the other provisions of Rule 60(b) pertains." *Nkihtaqmikon v. Bureau of Indian Affairs*, 601 F.Supp.2d 337, 338 (D. Me. 2009). Its application relieves a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b) is "extraordinary in nature," and "motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002). In order to prevail, the party seeking relief under Rule 60(b) must establish, at a minimum, that the motion is timely; that exceptional

circumstances exist, favoring extraordinary relief; that, if the judgment is set aside, the movant will "mount a potentially meritorious claim or defense"; and that no unfair prejudice will accrue to the opposing party should the motion be granted. *Id*. Issues that are appropriate for appeal may not be relitigated through Rule 60(b)(6). *Bezio v. Draeger*, No. 2:12-cv-396-NT, 2015 WL 1242730, at *2 (D. Me. Mar. 18, 2015).

### III. Discussion

#### A. Motions Under Rule 50(b) and Rule 59

The plaintiff's incorporated memorandum of law does not distinguish between the motions brought under Rules 50(b) and 59, despite the fact that, as noted above, different standards of review are applicable to each. The memorandum does distinguish the motion brought under Rule 60(b)(6), Motions at 21-23, which I will discuss separately below.

The plaintiff asserts that the court wrongly allowed the jury to hear "inadmissible testimony," which he identifies as "the parol opinion testimony of the Town's witnesses of their unilateral and private interpretations of the purpose of the disputed notice called for in the recall provision in the CBA [Collective Bargaining Agreement] coupled with their unilateral and private post-deprivation interpretations [of] the scope of the jobs to which the laid off dispatchers could be recalled." *Id*. at 7. Of the grounds for granting a new trial or for judgment as a matter of law, notwithstanding the verdict, this argument can only be reasonably construed to invoke the "clear miscarriage of justice" test. *Colón-Millen*, 455 F.3d at 35.

The plaintiff's presentation does not meet that standard. The town's witnesses' interpretations of the contract language were not "private," nor were they necessarily "unilateral." More important, they were not necessarily wrong. The plaintiff from the period immediately preceding the start of trial has taken the position that he necessarily wins on his claims against the town because the town could not provide any testimony about the meaning of the contract language

that the First Circuit Court of Appeals found ambiguous from individuals who were involved in creating or first adopting that language. Memorandum Decision at 12-13. In other words, his position has uniformly been that, if sufficient time passes, a municipal employee governed by a collective bargaining agreement can interpret the language of that agreement as he wishes, and bind his employer by that interpretation, because the original negotiators are no longer available to testify otherwise.[1] Under this scenario, the plaintiff bears no burden of proof at all.

The plaintiff has never cited any authority to support this position, other than a First Circuit case stating that "each party's uncommunicated subjective understanding of the agreement *during negotiations* is generally irrelevant[.]" *C.A. Acquisition Newco, LLC v. DHL Express (USA), Inc.*, 696 F.3d 109, 114 (1st Cir. 2012) (emphasis added); Plaintiff's Motion in Limine to Exclude Testimony by Witnesses of Their Present Interpretation of the CBA (ECF No. 89) at [2]. It is in this context that the First Circuit noted the language from a Florida case that provides the terminology favored by the plaintiff here. "[E]vidence of the unilateral secret intent of a party to a written instrument is in and of itself immaterial to the actual creation of a contract." *Gendzier v. Bielecki*, 97 So.2d 604, 609 (Fla. 1957) (quoted in *DHL Express*, 696 F.3d at 114). However, creation of a contract is not at issue in this case. And, no evidence was offered to the effect that the town kept its interpretation of the relevant language secret *during the negotiations* for the first

---

[1] In the instant case, Sherry Gilbert and John R. French, Jr., who were members of the Camden board of selectmen when the contract at issue was negotiated and adopted, both testified that their current interpretations of the relevant terms of the collective bargaining agreement did not differ from their interpretations at that time, although the recall provision had already been in the collective bargaining agreements between the town and the police for several years. French testified that he had been actively involved in the negotiation of the relevant collective bargaining agreement, and that he carefully read the entire agreements each time they were presented to the board. Roberta Smith, who was the town manager of Camden from 2002 to 2011, testified that she frequently reviewed the collective bargaining agreement, and that she had consistently interpreted the language at issue to mean that union members subject to the agreement had the right to be recalled to positions from which they had been laid off and that a laid-off employee had to file his contact information with the town to demonstrate that he or she was interested in being recalled, whether or not the town already had that information.

4

iteration of the collective bargaining agreement in which the term at issue appears. Nor has the town kept its current interpretation of the existing contract language secret.

The plaintiff cites no authority in his current motions in support of his argument. For the reasons I stated in rejecting this argument the first time, Memorandum Decision at 13-15, I reject it here. No miscarriage of justice has been demonstrated in this regard.

Next, the plaintiff contends that the court wrongly prevented him from presenting as evidence "the finding in *Clukey II* [*Clukey v. Town of Camden*, 797 F.3d 97 (1st Cir. 2015)] that the plain language of the recall provision did not create a condition precedent that required Clukey to file his address with the Town or forfeit his recall rights." Motions at 8. Again, the only legal standard supporting the plaintiff's first two motions that might be applicable to this argument is that of a "miscarriage of justice." A federal appeals court does not make factual findings; rather, all that the appellate court could find would be that the recall provision did not create a condition precedent *as a matter of law,* because it was ambiguous. The jury was still free to find that the language deemed ambiguous by the First Circuit did *in fact* create such a condition. In addition, as I ruled before trial, the fact that this case had traveled to the First Circuit on appeal twice before the trial was not an appropriate fact to place before the jury. Again, no miscarriage of justice has been demonstrated by the plaintiff in this regard.

The plaintiff next argues that any factual questions presented to the jury for resolution should have been presented in a "post deprivation hearing" provided by the town before it filled the administrative assistant and parking officer positions of which the plaintiff contended he was entitled to notice and, because they were not so handled administratively, his constitutional rights had been violated before the trial even began. Motions at 12-15. This is a legal argument that counsel for the plaintiff raised before and during trial, but not on summary judgment, where it

5

belongs. It is, in essence, an argument that trial should not have been held at all, or, at most, only to determine damages. Again, the motions cite no authority in support of this argument. The plaintiff does not demonstrate a miscarriage of justice.

The plaintiff contends that "[t]he jury instructions were weighted toward encouraging a verdict for the defendant[]" because they did not include his legal positions, discussed above; they required him to "prove a negative," specifically, that he was not required to file a written statement of his address or undertake any other action in order to demonstrate his interest in and availability for recall; they required him to prove that he could be recalled for a non-dispatch position; and they "virtually directed a verdict for the defendant[]" by using the same language on the verdict form as that used in the instruction. Motions at 19-20.

I have stated my reasons for rejecting these legal arguments in the course of this litigation, and the record stands in that regard. The plaintiff has offered no authority for the proposition that a plaintiff in a civil case may not be required to "prove a negative" in order to prevail on his or her claims. The plaintiff himself stated before trial that he would limit his claim to an entitlement to be recalled to the non-dispatch positions of administrative assistant and parking attendant, and I relied on this representation. Memorandum Decision at 16-17. The jury instructions are consistent with this scenario. Jury Instructions (Court Exhibit 3) at 6-8. Again, the plaintiff was not entitled to shift the burden of proof to the town on this theory, although the town certainly provided evidence that the collective bargaining agreement applied only to jobs held by the members of the union that was a party to the agreement, an eminently reasonable position. *See generally* Agreement between Town of Camden and Camden Police Benevolent Association Affiliated with the Maine Association of Police for the Camden Police Department ("Agreement")(Joint Exhibit

6

1).[2] Finally, I am unaware of any authority for the proposition that a court may not instruct a civil jury in terms identical to those used on a jury verdict form, and the plaintiff has cited none.

The plaintiff's argument does not reach the "miscarriage of justice" level, which is the legal standard applicable to his motions under Federal Rules of Civil Procedure 50(b) and 59.

### B.  Motion for Relief From Judgment (Rule 60(b)(6))

The plaintiff contends that the jury verdict "imposed a forfeiture of his due process rights" and that the court should now provide him with the "equitable solution of excusing Clukey from non-performance by not having re-filed his address in writing" under Section 229 of the Restatement (Second) of Contracts by vacating the judgment against him. Motions at 21-23. That section of the Restatement provides:

> To the extent that the non-occurrence of a condition would cause disproportionate forfeiture, a court may excuse the non-occurrence of that condition unless its occurrence was a material part of the agreed exchange.

Restatement (Second) of Contracts § 229 (1981).

Assuming *arguendo* that the Maine Law Court would adopt this section of the Restatement, I do not accept the plaintiff's underlying assertion that his failure to provide the written information found by the jury to be required by the Agreement in the event of a layoff deprived him of his due process rights. If he was not entitled to be recalled to a position other than dispatcher, the evidence established that no such position became available, and his protected property right in a recall

---

[2] In addition to the fact that the title of the applicable collective bargaining agreement states that it is "for the Camden Police Department," not "for the Town of Camden," or for "All Employees of the Town of Camden," the agreement itself refers only, and repeatedly, to police officers and dispatchers, and not to any other employees or jobs. Agreement at Article 8 §§ 1-2 (one steward for police officers, one for dispatchers); Article 15 (separate sections for police injured on duty and dispatchers injured on duty); Article 19 § 1 ("Seniority lists shall be established separately for both Police Officers and Dispatchers[.]"), § 3 ("Bumping shall not be allowed between the police function and the dispatcher function[;]" "Police function and dispatcher function shall be treated separately [for purposes of recall]."); Article 23 § c (treating police officers and dispatchers differently for purposes of pension plan); Article 25 (setting different vacation schedules for police officers and dispatchers); Article 27 (treating holidays differently for police officers and dispatchers; Article 30 (treating hours and overtime differently for police officers and dispatchers); Article 31 (treating clothing differently for police officers and dispatchers; and Article 32 (treating training differently for police officers and dispatchers). No other municipal employees are mentioned in the Agreement.

could not have been affected by his failure to comply with the terms of the Agreement. That issue would have to be reached by a jury before there could have been any forfeiture of a constitutional right.

More important for this analysis are the facts that Section 229 is intended to provide a court with discretion "to deal with a term that does not appear to be unconscionable at the time the contract is made but that would, because of ensuing events, cause forfeiture," and that forfeiture is defined, for purposes of Section 229, "to refer to the denial of compensation that results when the obligee loses his right to the agreed exchange after he has relied substantially, as by preparation or performance[,] on the expectation of that exchange." *Id*. comments a & b. The plaintiff offered no evidence at trial that he relied to his detriment on his interpretation of the Agreement's recall provision or that he was denied a job to which he was entitled. The jury could have believed evidence proffered by the town to the effect that the plaintiff was not qualified for the two non-union jobs to which he limited his claim of entitlement. In addition, the evidence established that the plaintiff stated publicly after his layoff that he would never work for the Town of Camden again. That is hardly indicative of reliance on the recall provision.

Further, by finding that the Agreement required that the plaintiff file his mailing address and telephone number with the town manager before he was entitled to be notified of a possible recall, Verdict Form Question 1, the jury found that the occurrence of this condition was a material part of the recall provision. Comment c to Section 229 provides that "[t]he rule of this Section applies only where occurrence of the condition was not a material part of the agreed exchange."[3]

---

[3] I note further that, unlike the factual situation in cases in which courts have applied Section 229, the record in this case provides no evidence that the town in any way induced the plaintiff to fail to file the required information. *See, e.g., UNUM Life Ins. Co. v. Ward*, 526 U.S. 358, 370 n.3 (1999)

8

I am not persuaded to exercise my discretion to apply Section 229 in this case, voiding the jury verdict and requiring another trial addressing the issue of the application of the Agreement to jobs other than those of police officer and police dispatcher. The plaintiff's contention that application of this section requires judgment in his favor, with an additional trial limited to damages, is incorrect under the circumstances of this case.

On the showing made, the plaintiff is not entitled to relief from the judgment that has been entered.

### IV. Conclusion

For the foregoing reasons, the plaintiff's motions for judgment as a matter of law, for a new trial, and for relief from judgment, are **DENIED.**

Dated this 30th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge