**UNITED STATES DISTRICT COURT**
**District of Maine**

| | |
|---|---|
| ALAN CLUKEY, )<br>)<br>Plaintiff, )<br>) No. 2:11-cv-00372-GZS<br>v. )<br>)<br>)<br>TOWN OF CAMDEN, )<br>)<br>Defendants. ) | |

**ORDER ON BILL OF COSTS**

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." As determined by the Court, Defendant is the prevailing party in this case. *Judgment*, ECF No. 133. Those expenses that may be taxed are specified in 28 U.S.C. § 1920, but the costs must be "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924. Defendant seeks costs in the total amount of $1,404.15 for transcript fees, printing costs and conference call costs. *Bill of Costs,* ECF No. 134. Plaintiff has objected to all claimed charges. *Response to Bill of Costs*, ECF No. 136. Having made an independent review of Defendant's Bill of Costs as well as Plaintiff's response in opposition, the Clerk of Court hereby taxes against Plaintiff the total amount of one thousand one hundred forty dollars and ninety-five cents ($1,140.95). Certain claimed costs are hereby excluded as explained herein.

Deposition Costs

Defendant seeks reimbursement for transcript fees in the total amount of $1,011.75.  Transcript costs and deposition expenses are taxable to the extent that they were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  *See Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985) citing *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir. 1979).  In this case, Defendants have requested fees for five depositions: those of Randy Gagne, William Kelly, Roberta Smith, Alan Clukey and Patricia Finnegan.  Plaintiff has objected to the costs related to these depositions because Plaintiff noticed and took some of the depositions originally (costs claimed are for Defendant's copies), because some deponents did not testify at trial, because some deponents were witnesses but not impeached or used by Defendant, and because Gagne's original deposition was paid for by Plaintiff.  *Response to Bill of Costs*, ECF No. 136, pp 1-2.

With the exception of the William Kelly transcript, the depositions claimed by Defendant were party witnesses or witnesses who appeared at trial.  Therefore, Plaintiff's objections do not warrant denial of the transcript fees claimed excepting the Kelly transcript.  As noted by the *Templeman* court, "[w]hile some cases hold that costs of depositions are taxable only if they were either introduced in evidence or used at trial, other cases allow the recovery of such costs if the taking of the depostions is shown to have been reasonably necessary… at the time it was taken."  *Templeman* at 249.  Based upon a review of the docket in this case, the Gagne transcript was necessary for motion work and was admitted at trial, so that

transcript is clearly taxable. *Id*. ("if depositions are either introduced in evidence or used at trail, their costs should be taxable")  While Defendant did not file a memorandum in support of its Bill of Costs, the Clukey, Finnegan and Smith depositions appear to have been necessarily obtained for use in this case because each of the deponents either appeared at trial or were a significant party representative in the matter.  Under such circumstances, the costs of such depositions are reimburseable, regardless of their use at trial, where Defendant could reasonably have expected to use them at trial or in trial preparation. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) and *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991).  The Kelly transcript, however, will not be taxed because its necessity is unclear.  Kelly did not testify at trial; the Kelly transcript is not clearly referenced in any motion or summary judgment work in the case; and Defendant has not provided explanatory or supportive information about its use.  Where Defendant has not provided an invoice that explains how many pages the Kelly transcript was, the Clerk will reduce the claim by $100, an approximate pro-rated share of the invoice that charges transcript fees for three of the transcripts (Gagne, Kelly and Smith).  *See* ECF No. 134-1, p. 1.

For the four depositions that were necessarily obtained and will be taxed, some of the associated costs for those depositions will not be taxed.  It appears that the reporting service that provided the transcripts charged a total of $30 for shipping and handling.  *Bill of Costs,* ECF No. 134-1, pp. 1-2.  Costs for shipping

and handling of depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d 1087 (N.D. Ill. 2002) and *Smith v Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). *See also Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007). Therefore, Defendant's claimed costs for transcripts will be reduced by $130 for the disallowed Kelly transcript and shipping and handling charges associated with the depositions.

Printing Costs

Defendant has claimed $93.50 in printing costs and submitted verifying invoices for the expenses. *Bill of Costs*, ECF No. 134-1, pp. 3-4. Defendant has not submitted an explanatory affidavit or memorandum in support of its Bill of Cost, but the printing costs appear to be for documentary evidence received from the Maine Department of Labor and from the Social Security Administration (SSA). Plaintiff has objected to the costs in total, saying that the Maine Department of Labor invoice claims $10 for a research fee, which should be untaxable, and that the SSA invoice does not break down whether the $82 is for either research or copy costs or both. *Response to Bill of Costs*, ECF No. 136, p. 2. Plaintiff asserts that the documents were not used as exhibits to the Clukey deposition and therefore should not be allowed. *Id*.

A prevailing party is entitled to recover printing costs as long as they were "necessarily obtained for use in the case" and were "reasonably necessary to the maintenance of the action" or furnished to the Court and opposing counsel. *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990) and *Simmons v. O'Malley*, 235 F. Supp. 2d 442 (D. Md., 2002). "While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity." *Bowling v. Hasbro, Inc.*, 582 F.Supp.2d 192, 210 (D.R.I. 2008) (internal quotations and citations omitted). See also *In re Motor Freight Express*, 80 Bankr. 44 (Bankr. E.D.Pa. 1987) quoted in *In re San Juan Dupont Plaza Hotel Fire Litigation*, 111 F.3d 220, 237 (1st Cir.1997).

In this case, it appears that a Social Security document was submitted as evidence at trial. *See Exhibit List*, ECF No. 129. It is unclear, however, if the filed SSA exhibit was the one researched and copied for Defendant as reflected in the SSA invoice. As for the Maine Department of Labor's 10-page document, no explanation of necessity is offered. The SSA invoice is unclear whether it was produced for copies or other "services." *Bill of Cost*, ECF No. 134-1, p. 4. As Plaintiff infers without reference to case law, courts generally allow taxation of only the production costs of printing but not for research or "intellectual effort" involved in producing the evidence. *Romero v. City of Pomona*, 883 F.2d 1418, 1427-1428 (9th Cir. 1989). It is worth noting that not all photocopying costs are subject to taxation. For example, under subsection (4) of 28 U.S.C. § 1920, prevailing parties may not recover the photocopy expenses that they incurred in copying documents to be

produced in discovery. *Sphere Drake Uns. PLC v. Trisko*, 66 F.Supp.2d 1088, 1093 (D.Minn.,1999). Also, for an award of copy costs or exemplification, a prevailing party should separate out necessary photocopying from photocopying done for the convenience of the attorneys or photocopying for issues upon which the prevailing party has not prevailed. *See Virginia Panel Corp v. Mac Panel Co.*, 887 F. Supp 880, (W.D. Va. 1995). Since no explicit explanation has been offered by Defendant as to why the printing costs were necessary in this case, the Clerk will not tax these costs.

<u>Witness Fees</u>

Defendant attempts to tax travel expenses for trial witnesses Roberta Smith, John French and Sharon Gilbert. *Bill of Costs*, ECF No. 134, p 2. Plaintiff objects by saying that the claimed travel fees are insufficiently substantiated by the documentation submitted and that the travel of French and Gilbert should be considered untaxable because they are members of the Town of Camden's Board of Selectmen and should be treated as parties in interest. *Response to Bill of Costs*, ECF No. 136, p. 4.

First, the Clerk finds that the documentation submitted is sufficient to validate an itemization for a claim of costs. The documents provided refer to checks issued and give amounts paid to witnesses for travel mileage in line with what is permitted under 28 U.S.C. § 1920 and the § 1820 fee schedules. Second, it is true that parties are generally not awarded witness fees under 28 U.S.C. § 1920(3) if they are considered parties in interest. *Barber v. Ruth*, 7 F.3d 636, 646 (7th

Cir.1993); 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2678 (3d ed.1998); and *Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir.1994). Here, two of the witnesses claimed are selectmen who represent the Town of Camden, but the Clerk is reluctant to find them such parties in interest that they should be considered "the physical manifestation of the Town," as Plaintiff asserts. *Response*, p. 4. The issue is whether or not the witnesses are parties in interest such that they should not be awarded witness fees. While there is a nominal connection between the selectmen and the Town, they are no more beneficiaries of the outcome of the litigation nor more parties in interest than any other taxpayer in the Town of Camden. As the *Barber* court noted, "the question of whether a witness is a real party in interest, and therefore ineligible to receive witness fees, is one of degree." *Barber* at 646. There is no assertion that French and Gilbert attended the trial to both manage the trial litigation and serve as a witness. There is no assertion that they had a significant legal interest in the case beyond working for the Town. Under these circumstances, the witness fees for Smith, French and Gilbert will be allowed and taxed against the Plaintiff.

Conference Call Costs

Defendant seeks to tax against Plaintiff $39.70 in costs for a conference call made between the parties and the Court. The Clerk will not tax this cost because it is not specifically authorized by statute. Not all expenses borne by a prevailing party may be sought to be taxed against the losing party. The term "costs" within

the meaning of Federal Rule of Civil Procedure 54(d)(1) is a term defined by the comprehensive list of such costs allowed by 28 U.S.C. § 1920. The Court is limited by that statute and may only award those costs explicitly authorized by it. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-445 (1987). Where conference call costs are not enumerated in § 1920, they will not be taxed.

ORDER

The Clerk of Court hereby taxes costs in favor of Defendant in the total amount of one thousand one hundred forty dollars and ninety-five cents ($1,140.95).

IT IS SO ORDERED.

/s/ Christa K. Berry<br>Clerk, U.S. District Court

Dated this 6th day of January, 2017